NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHINDER SINGH, | No. 10-73148 |
| Petitioner, | Agency No. A075-253-767 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and LYNN, District Judge.**

Mohinder Singh (Singh), a native and citizen of India, petitions for review of

the ruling of the Board of Immigration Appeals (BIA) affirming the decision of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The adverse credibility determination was supported by substantial evidence. Singh stated that he joined Akali Dal Mann in 1989, but when directly asked if he traveled to India in 1989, he responded that he had not. Singh also testified that he was not in India from 1984 until his mother's death in December, 1991, yet an affidavit from the Vice-President of the Shiromani Akali Dal in Punjab stated that Singh had been an active working member of the party since 1984. Singh initially testified that, after a brief visit in 1984, the next time he returned to India was the occasion of his mother's death in December, 1991. He later testified that he traveled to India in December, 1990, to visit his mother before she died.

Singh stated that aside from these trips, two others in the 1990s, and the 1984 trip, he had lived in the United States since 1981. This testimony conflicts with Singh's asylum application, which indicated that he lived in India from 1954 to April, 1996, and with the births of his children. Singh could not explain how his two children, born in 1983 and 1987, respectively, were conceived during times he testified to being in the United States. *See Rizk v. Holder,* 629 F.3d 1083, 1088 (9th Cir. 2011) (noting that an IJ may rely on a glaring material inconsistency to support an adverse credibility determination).

**PETITION DENIED**.